NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0087n.06

No. 25-3340

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| RANDY A. THOMAS, | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE |
| | ) NORTHERN DISTRICT OF |
| CYNTHIA DAVIS, Warden, | ) OHIO |
| Respondent-Appellee. | ) |
| | ) OPINION |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Randy Thomas appeals the district court's denial of his petition for a writ of habeas corpus. We reject his arguments and affirm.

In April 2013, Thomas visited his grandparents' house in Akron, Ohio. While he was there, he saw Anthony Smith selling drugs in front of the house, so Thomas asked Smith to move along. Smith responded by challenging Thomas to a fight. Thomas accepted, and the two met on a nearby street. Thomas threw the first punch, after which Smith pulled out a gun; Thomas slapped the gun out of Smith's hand and picked it up. Smith then charged at him, Thomas says, so Thomas shot Smith. Smith died shortly thereafter.

An Ohio grand jury later indicted Thomas on one count of aggravated murder. He pled not guilty. At trial, Thomas argued that he had shot Smith in self-defense. The trial judge instructed the jury that Thomas's claim of self-defense required him to show that he was not "at fault" in "creating the situation giving rise to the dispute." R. 9-1, Ex. 11. During its deliberations, the jury

wrote a note to the judge with several questions, including a request to clarify the self-defense instruction:

> We are having trouble analyzing the issue of "fault." If he were say "10%" at fault for having agreed to fist fight, is he considered at fault as it pertains to the wording in this section?

In response, the judge wrote:

> You must re-review and apply your collective understanding of the meaning of the terms used in the jury instructions. The court cannot further define the meaning of those terms.

Nothing in the record shows whether the judge consulted the parties before he sent that response. After further deliberation, the jury found Thomas not guilty of aggravated murder, but guilty of murder, a lesser-included offense. The court sentenced Thomas to between 19 years and life in prison.

Thomas appealed, arguing that the trial court had denied him (among other things) his constitutional right to be present when the court responded to the jury's question about the self-defense instruction. The Ohio Court of Appeals declined to reach this argument because, it said, the record on the issue was undeveloped. The court otherwise affirmed his conviction. Thomas then sought post-conviction relief in the trial court, raising the same claim. In that proceeding, he offered an affidavit in which he said he had not been present for any jury questions and had not waived his right to be present. The trial court denied his petition on that claim, as did the Ohio Court of Appeals. The Supreme Court of Ohio declined review. Thomas later sought habeas relief in federal court under 28 U.S.C. § 2254, which the district court denied. This appeal followed.

We review de novo the district court's denial of Thomas's petition for a writ of habeas corpus. *Mammone v. Jenkins*, 49 F.4th 1026, 1041 (6th Cir. 2022). To obtain the writ here, Thomas must show that the Ohio Court of Appeals's decision to deny him relief was contrary to

or unreasonably applied "clearly established" federal law, as determined by the holdings of the Supreme Court. *Jones v. Bradshaw*, 46 F.4th 459, 472 (6th Cir. 2022) (quoting § 2254(d)(1)).

As an initial matter, we review the state court's "decision" to deny Thomas relief, not the court's intermediate reasoning. *Davis v. Jenkins*, 115 F.4th 545, 557–58 (6th Cir. 2024) (en banc); *Davis v. Carpenter*, 798 F.3d 468, 475 (6th Cir. 2015); *Holland v. Rivard*, 800 F.3d 224, 236 (6th Cir. 2015). Our task is to determine what arguments or theories supported the state-court decision, or could have supported it; and then to determine whether fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Carpenter*, 798 F.3d at 475; *see Pouncy v. Palmer*, 846 F.3d 144, 160 (6th Cir. 2017). Thus, so long as the Ohio Court of Appeals reached a decision that reasonably applied Supreme Court precedent—however deficient some of the court's reasoning might have been—we must deny the writ. *See Carpenter*, 798 F.3d at 475.

Thomas claims that the trial judge responded to the jury's question in the absence of his counsel, which Thomas says would violate the Sixth Amendment. But a petitioner must prove "all facts necessary to show a constitutional violation." *Black v. Carpenter*, 866 F.3d 734, 744 (6th Cir. 2017). And here Thomas admits he lacks any proof that his counsel was absent at that time. Pet'r Reply Br. at 2. So this claim is meritless.

Thomas also argues that, by responding to the jury's question when Thomas himself was absent, the trial judge violated his putative constitutional right to be present then. True, a defendant has a right to be present at any stage of a criminal proceeding "critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). But if the defendant's absence was harmless, then a reviewing court does not reverse the conviction. *See Arizona v. Fulminante*, 499 U.S. 279, 306–07 (1991).

Here, the jury wrote a note to the judge asking him to clarify the meaning of "fault"—a legal element of Thomas's claim of self-defense. Yet the judge declined to give a substantive answer. Instead, he simply responded that the jurors should rely on their own understanding of the instruction (to which Thomas had not objected, either during the charge conference or when the judge instructed the jury). Thereafter, during Thomas's post-conviction proceedings, Thomas argued only that his absence prevented him from challenging the instruction as unconstitutionally vague. The state countered that nothing in the record showed that Thomas himself could have meaningfully raised any legal arguments.

We must deny the writ if any legal theory consistent with clearly established federal law could have supported the Ohio Court of Appeals's decision to deny Thomas relief on this claim. *Carpenter*, 798 F.3d at 475. And the record before that court, as the state said, lacked any evidence that Thomas could have capably raised legal objections to the jury instructions, or otherwise have contributed to the judge's response to the jury. The state court could therefore have reasonably concluded that Thomas's absence did not affect the verdict in any way.

Thomas contends that his absence was a "structural" error that demanded relief regardless of prejudice—or, if harmless-error review applied, that his absence for a substantive jury question was necessarily prejudicial. But he fails to cite any precedent of the Supreme Court holding that the absence of the defendant alone at such a time required reversal. Thomas therefore has not met his burden to show that all fairminded jurists would agree that the state court's decision was inconsistent with clearly established federal law.

The district court's judgment is affirmed.